The Communipau Coal Company, Respondent, v. Albert Gray, Appellant.— Judgment affirmed, with costs.—

PER CURIAM : It was alleged in the complaint that prior to April, 1892, the plaintiff sold and delivered to the defendant coal of the value of $3,111.30; that shortly thereafter the defendant, being pressed for payment, represented to plaintiff that he was the owner of certain parcels of unincumbered real estate, and thereby induced the plaintiff to accept notes, aggregating $883.25, for coal delivered during the preceding months of September and October; that such representations were false, and knowledge of the fact coming to the plaintiff, it elected to return the notes and cancel the extension of credit which they were given to secure. The answer put in issue every allegation in the complaint and set up a counterclaim, to which the plaintiff interposed a reply. When the action came on for trial the defendant was permitted by the court to withdraw so much of his answer as alleged a counterclaim. Thereupon, the counsel for the plaintiff and Mr. Fromme, counsel for the defendant, caused to be entered upon the record in open court the following: "PLAINTIFF'S COUNSEL — How about the denial of the circumstance under which

the credit was obtained? Mr. FROMME—Yes, that is the only issue, the denial of false representations. PLAINTIFF'S COUNSEL — There is no question about the amount of the sale? Mr. FROMME—No; we will expedite the matter. There is no question about the coal having been received as far as that is concerned. Simply on the question of fraud; as to whether we were guilty of any fraud." The effect of these stipulations was to leave open for further controversy the right of the plaintiff to recover in that action the amount represented by the notes. Upon that question the plaintiff presented such evidence of fraud as entitled it to go to the jury, and the trial court so decided, the result being a verdict for the plaintiff in the full amount claimed. During the progress of the trial testimony was elicited tending to show that at the time defendant made the representation as to his responsibility it was understood that he should have an extension of time within which to pay the entire sum due, but how much time was not stated. Thereupon, the

defendant asked leave to amend his answer by inserting a clause to the effect that the action was brought before the debt became due, because the time of payment was extended. This was refused, and in view of the stipulation of counsel to which we have referred, and the facts then before the court, we think the discretion of the court was properly exercised. Nor did the court err in directing the jury to find for the plaintiff the amount claimed less that represented by the note. The effect of the stipulations of counsel at the opening of the case, considered in connection with plaintiff's formal proof, was such as to entitle the plaintiff to a direction in its favor except as to the notes. Touching the amount of the indebtedness for which notes were given and afterwards returned, no complaint is made of the manner in which the questions involved were presented to the jury. The judgment should be affirmed, with costs. Present— Van Brunt, P. J., Follett and Parker, JJ.